IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STANLEY A. SPELLS                                                PLAINTIFF

vs.                                                        CIVIL ACTION NO. 3:15CV147-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

## MEMORANDUM OPINION

Stanley A. Spells has filed an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying his application for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on September 4, 2012, alleging disability beginning on August 15, 2009.[1] Docket 7, p. 133-38. His claim was denied initially on January 28, 2013, and upon reconsideration on April 18, 2013. *Id.* at 54-63, 64-73. He filed a request for hearing (*id.* at 89-90) and was represented by counsel at the hearing held on July 11, 2014. *Id.* 29-53. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 25, 2014, and on July 1, 2015, the Appeals Council denied plaintiff's request for a review. *Id.* at 9-24, 2-4. Plaintiff timely filed this appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

---

[1] Plaintiff amended his onset date at the hearing to September 4, 2012. Docket 7, p. 35.

# I. FACTS

Plaintiff was born on December 1, 1957. Docket 7, p. 33. He was 54 at the time of his application and 56 at the time of the hearing. *Id.* He has a GED, and the ALJ found that his past relevant work was as a material handler, carpenter and janitor. *Id.* at 35, 46. He contends that he became disabled before his application for benefits as a result of "rotorcup" injury to shoulder, depression, knee problems, high blood pressure and arthritis. *Id.* at 167. The ALJ determined that plaintiff suffered from "severe" impairments including "osteoarthritis and right shoulder disorder," (Docket 7, p. 14), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (416.920(d), 416.925 and 416.926 ). *Id.* at 17. Based upon testimony by the vocational expert [VE] at the hearing and considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform medium work as defined in 20 CFR 416.967(c) except he can never climb ladders, ropes, or scaffolds, occasionally balance, crawl, push/pull with the right upper extremity and reach overhead with the right upper extremity. He can frequently stoop, kneel and crouch, and climb ramps and stairs. He should avoid even moderate exposure to vibration and machinery that requires more than occasional postural activity to operate.

Docket 7, p. 17. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects he claimed due to his symptoms were not credible. *Id.* at 19. After evaluating all of the evidence in the record, including testimony of a VE and the testimony of plaintiff's friend Margaret King, the ALJ held that plaintiff could perform his past relevant work as a janitor, as well as the jobs of a packager, kitchen helper and car detailer. *Id.* at 21-23. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.* at 23.

2

Plaintiff contends that the ALJ erred because she reached an RFC that was contrary to the only medical opinion concerning plaintiff's limitations, and she failed to find plaintiff disabled in light of testimony by the vocational expert and the GRIDS. 20 C.F.R. Pt. 404, Subpt. P, App. 2. The court finds that the ALJ improperly discounted the opinion of Dr. Jacinto DeBorja, which resulted in a flawed RFC. Finding further that an award of benefits is proper, the court remands the case for a determination of benefits.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the

---

[2] *See* 20 C.F.R. § 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. § 416.920(b) (2010).

[5] 20 C.F.R. § 416.920(c) (2010).

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds

---

[6] 20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. § 416.920(e) (2010).

[8] 20 C.F.R § 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[11]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

According to plaintiff, the ALJ erred when she found that the opinion of Dr. Jacinto DeBorja was unsupported by objective evidence and ultimately concluded that plaintiff could perform work at the medium exertional level. Docket 13, p. 10. She first declined to give Dr. Shearin's opinion great weight because it did not provide any specificity as to the limitations of plaintiff's ability to work [Docket 7, p. 21], then afforded only limited weight to Dr. DeBorja's opinion that plaintiff could perform light work with some additional limitations. *Id.* As a result,

---

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

according to plaintiff, the ALJ used her own lay opinion to conclude that plaintiff could perform medium exertional work. The Commissioner responds that the ALJ properly discounted Dr. DeBorja's opinion because Dr. Shearin's records indicate mostly normal findings. Docket 13, p. 9. Additionally, the Commissioner asserts that the ALJ did not substitute her own judgment, but instead considered and discussed both opinions and ultimately rejected that of Dr. DeBorja. Docket 13, p. 6-10.

This case turns on the question of whether plaintiff may perform medium exertional level work or is limited to work at the light exertional level. Dr. Shearin conducted a thorough examination of plaintiff, and his report contains the results of various objective tests he conducted, including the Empty Can Test and Infraspinatus test. Docket 7, p.242-48. Dr. Shearin concluded that plaintiff had "[p]ossible right rotator cuff dysfunction, with supportive findings today." *Id.* at 247. He noted that examination by an orthopedic surgeon was merited. *Id.* The Disability Adjudicator then obtained an opinion from Dr. Jacinto DeBorja, a surgeon, as to plaintiff's functional abilities. *Id.* at 58-60. Dr. DeBorja's evaluation of the records, including those of Dr. Shearin, resulted in his opinion that plaintiff was limited to a reduced range of light work with the following limitations: occasionally lift 20 pounds; frequently lift 10 pounds; limited push and/or pull in the upper extremities and on the right side; push/pull limited to occasionally for the right shoulder; never climb ladders, ropes, scaffolds; and plaintiff is to avoid even moderate exposure to vibration. *Id.* The record contains no other quantitative opinion regarding plaintiff's limitations or abilities to perform work related functions.

There is no medical opinion in the record to support the limitations that the ALJ established in his RFC determination, specifically that plaintiff could perform work at the

medium exertional level. The Commissioner argues that the ALJ's opinion that plaintiff could perform medium work is supported by the record and that the ALJ properly considered the "totality of the evidence" to reach her RFC determination. Docket 14, p. 12. In other words, even though the ALJ's opinion did not have a basis in any medical finding which supports her conclusions regarding plaintiff's physical capabilities, and even though the plaintiff raised this important detail in his memorandum brief, the Commissioner continues to do the same thing in this court that the ALJ did – take on the role of a physician and try to reach a conclusion as to plaintiff's capabilities from the raw medical data.

The ALJ determined that the only medical opinion concerning plaintiff's vocational abilities – that of the consultant, Dr. DeBorja – was not supported by the record evidence, and she discounted that opinion as a result. The Commissioner asserts that because Dr. Shearin's records do not contain any physical limitations on plaintiff's ability to work, and because his report indicates "no limitations on [plaintiff's] ability to sit, stand, walk, reach, and perform other activities," the RFC is supported by the record. Docket 14, p. 11. However, the fact remains that the only medical opinion concerning plaintiff's vocational abilities from any physician conflicts with the ALJ's findings. The ALJ reached her conclusion as to plaintiff's vocationally relevant functional limitations on her own after hearing plaintiff's testimony and reviewing the raw medical data.

The court rejects the Commissioner's argument as untenable. Certainly, the responsibility of determining the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); in making this determination she must consider all the evidence in the record, evaluate the medical opinions in light of other

information contained in the record, and determine the plaintiff's ability despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, she is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). The ALJ is simply not at liberty to establish physical limitations or lack of those limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

The court has examined the record and, despite the ALJ's inclusion of these findings in her RFC, cannot locate evidence that any treating or examining physician ever stated plaintiff was capable of performing medium work. As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on [her] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). This appears to be exactly what the ALJ did in this case. In direct contradiction to the applicable case law, the ALJ established physical limitations without any medical proof to support those limitations, then, using those unsupported limitations, reached an RFC based upon her own extrapolation of the medical records as to plaintiff's ability to work. The evidence is clear that plaintiff may only perform light work. Based upon his borderline age at the time of application,

he is considered an individual of advanced age. Docket 7, p. 33. He has a GED and according to VE testimony, he does not have transferrable work skills. Docket 7, p. 35, 48. Therefore, plaintiff is disabled under both §§ 202.04 and 202.06, regardless of whether considering his unskilled previous work as a janitor or his skilled and semi-skilled previous work as a carpenter and material handler. Accordingly, the court holds that because the evidence is conclusive, an award of benefits at this stage would be in the best interests of the plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review. The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## IV.  CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence, and plaintiff is entitled to benefits under the Social Security Act. This case is remanded for the sole purpose of determining the amount of benefits to be awarded. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 9th day of May, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE